On the pretrial of this case the parties entered into the following agreement which was entered on the order: "The parties to this action have agreed that the plaintiff moves for summary judgment against the defendant and the defendant moves for summary judgment against plaintiff, and that the parties will submit affidavits in support of their motions and the issue will be determined by the court. Affidavits will be filed with the court within twenty days." The time for filing the affidavits was extended from time to time until November 16th at which time the court was in receipt of a notice of motion with affidavits attached made on behalf of the defendant against the plaintiff and affidavits on the motion made on behalf of the plaintiff. No notice of motion for summary judgment was received from the plaintiff.
The action is based upon a written contract entered into between the plaintiff and one Harry C. Van Harte on April 16, 1946, which contract provided for the furnishing of the work and material for the erection of a gasoline station at the northeast corner of Madison Avenue and Speedway Boulevard in the Township of Lakewood, Ocean County, New Jersey, by the plaintiff for Harry C. Van Harte, who was the owner of the premises. The contract provided that the work and material should be erected and furnished "agreeably to the drawings and specifications made by the Standard Oil Company of New Jersey on December 19, 1945, on the proposed layout of service center for H.C. Van Harte, Lakewood, New Jersey, in good workmanlike and substantial manner under the direction of the Standard Oil Company of New Jersey, to be testified by a writing or certificate under the hand of a representative of the Standard Oil Company of New Jersey." The defendant, Esso Standard Oil Company, is the successor by change of name of the Standard Oil Company of New Jersey, a Delaware corporation. *Page 484 
The contract in question was not signed by the defendant, nor did the contract refer to the defendant as a party thereto. The complaint, after alleging the contract, charges that the defendant was appointed by the parties and agreed to provide the drawings and specifications for said service station and direct the construction thereof and upon completion issue a certificate of its approval to the plaintiff; that the certificate of approval was by the contract a condition precedent to the final payment under the contract; that the plaintiff complied with the terms of the contract and completed the structure under the direction and supervision of the defendant; and that the defendant wilfully and unjustifiably refused to issue and deliver the certificate and because of the refusal the plaintiff suffered damage.
The affidavits submitted on behalf of the plaintiff on this motion fail to support the complaint and they are void of any proof that the defendant ever entered into any contractual relationship with the plaintiff. The fact is, as shown by the affidavits in this case, that the defendant granted a construction loan to Harry C. Van Harte for the purpose of his erecting a gasoline service station on the premises referred to; the defendant furnished the plans and specifications to the aforesaid Van Harte for the purpose of showing what was to be required of Van Harte as to the construction work; and the defendant accepted from Van Harte a bond and mortgage to secure his loan of the money to be advanced. It appears that at the time the plaintiff entered into the contract with Harry C. Van Harte the defendant was not aware of that agreement, nor is there any proof that the defendant became bound by any of its provisions or agreed with the plaintiff to supervise the work of construction and to issue certificates or was ever required to issue certificates to or for the plaintiff.
Under these circumstances no recovery can be had against the defendant and the defendant's motion for summary judgment will be granted. *Page 485